1   Harris & Ruble
    ALAN HARRIS (SBN 146079)
2   DAVID ZELENSKI (SBN 231768)
    5455 Wilshire Boulevard, Suite 1800
3   Los Angeles, CA 90036
    Telephone: (323) 931-3777
4   Facsimile: (323) 931-3366   **ORIGINAL**

5   Attorneys for Plaintiffs

6

7

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  KEVIN DOTY and SARAH
    DOTY, individually and on behalf          No. CV-05-3241 FMC (JWJx)
    of all others similarly situated,
13                                            [PROPOSED] ORDER OF
                    Plaintiffs,               FINAL APPROVAL OF CLASS
14                                            ACTION SETTLEMENT
        v.
15
    COSTCO WHOLESALE
16  CORPORATION and DOE ONE
    through and including DOE ONE-
17  HUNDRED,

18                  Defendants.

19

20
           This matter having come before the Court for hearing on May 14,
21
    2007, pursuant to the December 11, 2006, Order Preliminarily Approving Class
22
    Action Settlement and Providing for Class Notice ("Preliminary Approval Order"),
23
    on the application of the parties for approval of the settlement set forth in the
24
    Memorandum of Understanding filed as Exhibit 1 to the November 15, 2006
25
    Declaration of Alan Harris in Support of Motion for Conditional Certification of
26
    Settlement Class, Preliminary Approval of Settlement, and Approval of Settlement
27
    Administrator and due and adequate notice having been given to the Settlement
28
    [PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1   Class as defined below as required by the Preliminary Approval Order, and the

2   Court having considered all papers filed and proceedings had herein and otherwise

3   being fully informed, and good cause appearing therefore, it is:

4              **ORDERED, ADJUDGED AND DECREED** that:

5        1.    All terms used herein shall have the same meaning as defined in

6   the Memorandum of Understanding.

7        2.    This Court has jurisdiction over the subject matter of each of

8   the claims asserted in the Complaint and Amended Complaint in this action, and

9   has personal jurisdiction over the parties to this action, including the members of

10   the Settlement Class as defined in Paragraph 3 of the Memorandum of

11   Understanding who have not elected to exclude themselves ("opt-out") from the

12   settlement.

13        3.    Notice to the Settlement Class, including the mailing or hand

14   delivery of the Class Notice and Claim Form as set forth in the Memorandum of

15   Understanding, has been completed in conformity with the Preliminary Approval

16   Order, including mailing of individual notice to all members of the Settlement

17   Class who could be identified through reasonable efforts.  The Court finds that this

18   notice was the best notice practicable under the circumstances, that it provided due

19   and adequate notice of the proceedings and of the matters set forth therein, and that

20   it fully satisfies the requirements of law and due process.

21        4.    The Court hereby approves the settlement set forth in the

22   Memorandum of Understanding, including the settlement awards to be made to

23   individual class members who file claims, the release of claims and other terms

24   therein, and finds that the Memorandum of Understanding, and the settlement, are,

25   in all respects, fair, reasonable, and adequate to the parties, including the

26   Representative Plaintiffs and the Settlement Class, and directs the parties to

27   effectuate the Memorandum of Understanding according to its terms.  The Court

28

1   also finds that the Settlement Class is properly certified as a class for purposes of

2   this settlement and that relief with respect to the Settlement Class as a whole is

3   appropriate.

4           5.      In making the determination that the settlement is fair,

5   reasonable and adequate and should be approved, the Court has considered (i) the

6   strengths and weaknesses in Plaintiffs' case, including the presence of substantial

7   issues in dispute such as the validity of the meal waiver in use by Defendant and

8   the question whether the payment called for under California Labor Code §226.7 is

9   properly characterized as a wage or a penalty which affects the statute of

10  limitations and hence the scope of the class, (ii) the risks, expense, complexity and

11  likely duration of further litigation, (iii) the risks to Plaintiff of establishing and

12  maintaining class action status, (iv) the monetary amount of the settlement,

13  including the amounts of the individual payments available to class members who

14  file claims and the parties' use of the 4-year statute of limitations in defining the

15  scope of the class, (v) the extent of both formal and informal discovery that has

16  been conducted by the parties, and (vi) the views of the parties' respective counsel,

17  both of whom are experienced in complex class action litigation of this nature.

18          6.      For purposes of this Order and the Judgment that accompanies

19  it, and consistent with the Stipulation of Settlement, the term "Settlement Class,"

20  which is hereby certified for settlement purposes pursuant to Rule 23 of the Federal

21  Rules of Civil Procedure, means the three subclasses described in Paragraph 3 of

22  the Memorandum of Understanding.

23          7.      As of the date of final approval of the settlement (as referenced

24  in Paragraph 19 of the Memorandum of Understanding), each and every released

25  claim of every member of the Settlement Class who did not exclude him or herself

26  from the settlement (i.e., "opt out"), is and shall be deemed to be conclusively

27  released as against the Defendant.

28

1        8.      As of the Effective Date, the Representative Plaintiffs and all of

2    the members of the Settlement Class who did not exclude themselves from the

3    settlement are hereby forever barred and enjoined from commencing, prosecuting

4    or continuing to prosecute, either directly or indirectly, against the Defendant, in

5    this or any other jurisdiction or forum, any and all of the released claims as defined

6    in Paragraph 19 of the Memorandum of Understanding.

7        9.      The Memorandum of Understanding does not constitute an

8    admission or concession by Defendant, nor does this Order or the Judgment that

9    accompanies it constitute a finding of any kind, as to the validity of any claims

10    asserted in the Complaint and Amended Complaint or of any wrongdoing on the

11    part of Defendant.  Furthermore, neither the Memorandum of Understanding nor

12    the settlement shall be used in any way or for any purpose as an admission of any

13    fault, omission or wrongdoing on the part of Defendant.  Neither this Order, the

14    Judgment that accompanies it, the Memorandum of Understanding, any of the

15    exhibits thereto, nor any negotiations or proceedings related thereto, shall be

16    considered as or deemed to be evidence of a concession or admission with regard

17    to the denials or defenses of Defendant, nor shall this Order, the Judgment, the

18    Memorandum of Understanding, their exhibits or the negotiations that led to them

19    be offered in evidence in any action or proceeding against Defendant in any court,

20    administrative agency or other tribunal for any purpose whatsoever other than to

21    enforce the provisions of this Order, the Judgment or the Memorandum of

22    Understanding.  However, nothing in this paragraph shall prevent Defendant from

23    filing or otherwise relying on this Order, the Judgment, the Memorandum of

24    Understanding, its exhibits or any other papers and records on file in this action in

25    any court, administrative agency or other tribunal, as evidence of the settlement

26    that has been entered into by Defendant to support a defense of *res judicata*,

27    collateral estoppel, release or other claim of issue preclusion or similar defense as

28    to the Released Claims.

1          10.    Alan Harris and David Zelenski of the firm of Harris & Ruble

2   are hereby confirmed and appointed as Class Counsel, and Sarah Doty and Kevin

3   Doty are confirmed and appointed as Representative Plaintiffs.

4          11.    In accordance with Paragraph 11 of the Memorandum of

5   Understanding, Class Counsel has requested that Sarah Doty and Kevin Doty, the

6   Representative Plaintiffs, receive a payment in the amount of $10,000.00 each

7   consisting of an enhancement award to them in consideration for their service as

8   the Representative Plaintiffs in this action.  The Court hereby awards Sarah Doty

9   and Kevin Doty the total sum of  $10,000.00 each based on its findings that: (a) the

10   amount awarded is reasonable under the circumstances; and (b) no Settlement

11   Class Member has objected to Class Counsel's request.

12         12.    In accordance with the accompanying Judgment, this Court

13   hereby dismisses this action against Defendant on the merits and with prejudice

14   and without costs other than as provided in the Memorandum of Understanding.

15         13.    Without affecting the finality of this Order or the Judgment in

16   any way, the Court hereby retains continuing jurisdiction over (a) the

17   implementation of this settlement and the Memorandum of Understanding, (b) the

18   determination of the amount of reasonable attorneys' fees and costs to be awarded

19   to Class Counsel as provided in the Memorandum of Understanding, and (c) all

20   parties hereto for the purpose of enforcing and administering the Memorandum of

21   Understanding.

22         14.    In the event the settlement does not become effective in

23   accordance with the terms of the Memorandum of Understanding, then this Order

24   and the accompanying Judgment shall be rendered null and void to the extent

25   provided by and in accordance with the Memorandum of Understanding and shall

26   be vacated and, in such event, all orders entered and releases delivered in

27   connection herewith shall be null and void to the extent provided by and in

28   accordance with the Memorandum of Understanding.

1                IT IS SO ORDERED.

2

3    DATED: May /4 , 2007                     *Florence-Marie Cooper*

4                                       Hon. Florence Marie Cooper
                                      United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **APPROVED AS TO FORM**:

2    DATED: May /4, 2007          Harris & Ruble

3

4                                          By: _Alan Harris_____
                                          Alan Harris, Esq.
5                                          Counsel for the Representative
                                          Plaintiffs and the Class
6

7

8    DATED: May /+, 2007          Seyfarth Shaw LLP

9                                          By: _Christopher A Crosman_____
                                          Christopher Crosman, Esq.
10                                         Counsel for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28